Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Theresa M. Santos
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos, Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Gayle De La Riva

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GAYLE DE LA RIVA,<br><br>         Plaintiff,<br><br>vs.<br><br>GEICO INSURANCE AGENCY, INC., a foreign corporation; AND DOES 1-50, inclusive,<br><br>         Defendants. | **Case No.:** 2:20-cv-02170<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Gayle De La Riva (herein "Plaintiff") and files this civil action against Defendants and each of them, for violations of The American with Disabilities Act, 42 U.S.C. §12112 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction and venue over this action pursuant to The Americans with Disabilities Act, 42 U.S.C. §12112 et seq., which confers original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

//

//

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 29 U.S.C. §12112 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of PLAINTIFF instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated September 1, 2020. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### PLAINTIFF

8. PLAINTIFF, GAYLE DE LA RIVA, was a qualified/eligible "employee" of Defendant, Geico Insurance Agency, Inc., within the meaning of The American with Disabilities Act, 42 U.S.C. §12112 et seq., and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law.

//

**DEFENDANTS**

9. Defendant, GEICO INSURANCE AGENCY, INC., (hereinafter "GEICO" or "DEFENDANT") is a foreign corporation qualified to do business in Nevada. DEFENDANT employs fifteen or more employees and is an "employer" within the meaning of The American with Disabilities Act, 42 U.S.C. §12112 et seq. and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law. Defendant has offices located at One Geico Blvd., Fredericksburg, VA, 22412.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

11. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the Defendant named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in so doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

**STATEMENT OF FACTS**

12. PLAINTIFF is a 41-year-old female. PLAINTIFF is a former employee of DEFENDANT, where she worked senior field claims investigator. Plaintiff was employed by DEFENDANT GEICO from approximately October 21, 2018 to September 23, 2019.

13. DEFENDANT is an auto insurance company.

14. In April 2018, prior to her employment with Defendant, Plaintiff delivered a daughter. Throughout her pregnancy, Plaintiff experienced severe sciatica related to the baby's placement in utero. The symptoms related to the sciatica continued for months following the birth of Plaintiff's daughter.

15. On or about January 8, 2019, Plaintiff's symptoms worsened to the degree that she was unable to stand. Plaintiff was transported to a nearby hospital via ambulance.

16. As she was preparing to be transported, Plaintiff contacted her supervisor, Jolene Gaetz, to inform her of her medical condition and that she would be missing work.

21. Jolene responded to PLAINTIFF by asking PLAINTIFF if her need for time off was going to be a recurring issue. Jolene further informed PLAINTIFF that because PLAINTIFF was still in her probationary period, she was not allowed to take any days off from work.

22. Because of the representations by Ms. Gaetz, Plaintiff was afraid to seek treatment for her sciatica during normal business hours.

23. Because of the representations by Ms. Gaetz, Plaintiff experienced difficulty obtaining medical treatment for her sciatica.

24. Following PLAINTIFF'S medical episode in January, Ms. Gaetz became more critical of PLAINTIFF'S performance.

25. Ms. Gaetz instructed PLAINTIFF'S colleagues to follow her while she was working in the field.

26. PLAINTIFF submitted a written complaint to Director Jeff Schmersahl, in June, 2019.

27. In September, 2019, PLAINTIFF sent a written complaint to Michelle Trinidad, Senior Vice President.

28. Shortly thereafter, PLAINTIFF received correspondence from Debra Jarvis, in Defendant's Human Resources Department, that her complaint was being investigated.

29. On or about September 23, 2019, DEFENDANT formally terminated PLAINTIFF'S employment.

30. The despicable tactics of DEFENDANT caused a substantial burden to PLAINTIFF'S rights and caused PLAINTIFF to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

//

# COUNT I

## INTERFERENCE AND DISCRIMINATION WITH AMERICANS WITH DISABILITIES ACT
Americans with Disabilities Act (42 U.S.C. §12101 et seq.)
NV Rev. Stat. §613.330 *et seq*.
(Against All Defendants)

31. PLAINTIFF hereby incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. At all times material hereto, PLAINTIFF was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 USC 12111(4)).

33. At all times material hereto, PLAINTIFF was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

34. PLAINTIFF was a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

35. PLAINTIFF'S low back pain was a physical impairment that substantially limited one or more major life activities.

36. DEFENDANT was aware that PLAINTIFF suffered from sciatica.

37. PLAINTIFF'S disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in DEFENDANT'S decision discharge her from employment.

38. The actions of DEFENDANT were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of PLAINTIFF.

39. As a direct and proximate result of DEFENDANT'S violation of PLAINTIFF'S rights as alleged, PLAINTIFF'S terms, conditions, and privileges of employment were adversely affected.

40. As a direct and proximate result of DEFENDANTS' wrongful acts and omissions, PLAINTIFF has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

41. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT II

### DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330** *et seq.*
**(Against All Defendants)**

42. PLAINTIFF hereby incorporates paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. The Americans with Disabilities Act, 42 U.S.C. §12101, et. seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. §12112).

44. PLAINTIFF had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

45. PLAINTIFF was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. At all times during her employment, PLAINTIFF satisfied the requisite skill, experience, education and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

46. PLAINTIFF was covered by the Americans with Disabilities Act, with Amendments Act (ADA-AA). Specifically, PLAINTIFF'S long-term sciatica occasionally necessitated medical intervention for pain management.

47.     Due to her actual disability under the ADA-AA, PLAINTIFF required a reasonable accommodation that would allow her to meet these necessities.  Such reasonable accommodations were available and continuing to allow PLAINTIFF her accommodation would not have constituted an undue hardship on the operation of DEFENDANTS' business.

48.     PLAINTIFF requested a reasonable accommodation.

49.     DEFENDANT informed PLAINTIFF that because she was in her probationary period, she was not allowed any time off – even time off to accommodate a medical condition.

50.     DEFENDANT did not engage in the interactive process in good faith.

51.     DEFENDANT engaged in a practice of discriminating against PLAINTIFF as a result of PLAINTIFF'S disability.  DEFENDANT'S unlawful discrimination against PLAINTIFF included threatening with her with termination if she took any additional time off to treat the side effects of sciatica.

52.     DEFENDANT, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of DEFENDANT as described above, thereby ratifying the unlawful conduct of its agents or supervisors.  DEFENDANT'S actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

53.     PLAINTIFF requests relief as described in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, Gayle De La Riva prays that this Court grant the following relief:

1. Grant economic loss including front and back pay, plus interest;
2. Grant compensatory damages according to proof;
3. Grant punitive damages;
4. Reasonable attorneys' fees pursuant to 42 U.S.C. § 12112 et seq. and other applicable statutes;

//
//

5. Grant costs of suit incurred herein; and

6. Grant such other and further relief as the court deems just and proper.

DATED this 25th day of November, 2020.        Respectfully Submitted,


WATKINS & LETOFSKY, LLP

By: */s/*  Daniel R. Watkins
_____
Daniel R. Watkins, Esq.
Theresa M. Santos, Esq.
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Attorneys for Plaintiff, Gayle De La Riva

**COMPLAINT**
-8-

### REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED this 25th day of November, 2020.

Respectfully Submitted,

WATKINS & LETOFSKY, LLP

By: */s/* Daniel R. Watkins
_____
Daniel R. Watkins, Esq.
Theresa M. Santos, Esq.
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Attorneys for Plaintiff, Gayle De La Riva

# Exhibit 1

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Gady De La Riva
260 Delta Waters St.
Henderson, NV 89074

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2020-00160 | Karrie L. Maeda, State, Local & Tribal Program Manager | (213) 785-3002 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

/s/ Rosa M. Viramontes

September 1, 2020
(Date Mailed)

Enclosures(s)

Rosa M. Viramontes,
District Director

cc: Human Resources
Human Resources Manager
GEICO
3050 S. Martin Luther King Jr. Way
Tucson, AZ 85713