NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 862-8300
Facsimile: (702) 862-8400
nwieczorek@clarkhill.com
Attorneys for Defendant Government Employees
Insurance Company

KIMBERLY S. MOORE
Admitted pro hac vice
Texas State Bar No. 00784629
ksmoore@clarkhill.com
LAURA E. CALHOUN
Admitted pro hac vice
Texas State Bar No. 06342400
lcalhoun@clarkhill.com
CLARK HILL
2600 Dallas Parkway
Suite 600
Frisco, Texas 75034
469.287.3900
469.287.3999 Fax
Attorneys for Defendant Government Employees
Insurance Company

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GAYLE DE LA RIVA,<br><br>        Plaintiff,<br><br>vs.<br><br>GEICO INSURANCE AGENCY, INC., a foreign corporation; AND DOES 1-50, inclusive,<br><br>        Defendants. | Case No.: 2:20-cv-02170-JCM-EJY<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

---

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**
-1-

## GOOD CAUSE STATEMENT

This action will involve production of documents and discussion of trade secrets, proprietary information and other confidential information (including medical records) for which special protection from public disclosure or any purpose other than for use in this litigation is warranted. This confidential information regarding Defendant's proprietary information, client information and information related to claims investigations, as well as confidential information of Defendant's clients and confidential medical information of the Plaintiff.

To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, and to adequately restrict the disclosure of confidential information of the Parties, while ensuring the parties are permitted reasonable and necessary uses of such material in preparation for and use in pre-trial and trial proceedings, and to serve the ends of justice, a protective order for such information is justified in this matter.

WHEREFORE:

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), protected health information, or other information treated as confidential by the producing party, or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include (1) information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information or the party is prohibited from disclosing such information by state or federal law, or (2) information that has been disclosed to the public or third persons through lawful and authorized means and in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

4. Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

5. A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and

appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

6. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. Documents produced by either Party prior to the date of this Protective Order may also be designated as Confidential Information or Confidential Attorneys Eyes Only Information. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

7. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conferring, the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

8.  Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, dispositive motions, trial, and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

9.  Subject to paragraph 11 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of and agree to comply with the terms of this Protective Order:  (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b)  in-house counsel; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, IT staff and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

10. Subject to paragraph 13 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; and (d) those individuals designated in paragraph 13(c).

11.     Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A

12.     Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

13.     Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a)     the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b)     the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c)     counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

14. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

15. If any party wishes to submit Confidential Information to the court, the party must file a motion for an order sealing the documents consistent with the Ninth Circuit caselaw and Local Rule IA 10-5. A copy of the motion to seal must be served on all parties who have appeared in the case. Disputes regarding confidentiality designations should be resolved before any designated material is filed with the Court. For any item of designated material for which a designation dispute has not been resolved, that item will be filed under seal (at least provisionally), pursuant to local court practice or in a sealed envelope or file bearing the caption of this action and a notice substantially in the following form:

**CONFIDENTIAL INFORMATION**

[case style ]

This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.

**No Prejudice.**

16. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of

confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

17. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party, upon request, that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

18. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify

that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

19. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

20. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**IT IS SO STIPULATED.**

DATED this 18th day of June, 2021

WATKINS & LETOFSKY, LLP.

*/s/ Theresa M. Santos*
By: _____
Theresa M. Santos, Esq.
8935 S. Pecos, Ste. 22A
Henderson, NV 89074
Attorneys for Plaintiff

DATED this 18th day of June, 2020.

CLARK HILL STRASBURGER

*/s/ Laura E. Calhoun*
By: _____
Laura E. Calhoun, Esq.
2600 Dallas Parkway, Ste. 600
Frisco, TX 75034
Attorneys for Defendant

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

June 21, 2021
DATED