UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GAYLE DE LA RIVA, | Case No. 2:20-CV-2170 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| GEICO INSURANCE AGENCY, INC., | |
| Defendant(s). | |

Presently before the court is defendant GEICO Insurance Agency, Inc.'s motion for summary judgment. (ECF No. 23). Plaintiff Gayle De La Riva filed a response (ECF No. 24), to which GEICO replied (ECF No. 25). For the reasons stated below, the court GRANTS GEICO's motion for summary judgment.

**I.     Background**

This is an employment discrimination case. Plaintiff alleges discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"). The following facts are not disputed.

Plaintiff suffers from sciatica caused by complications during pregnancy. (ECF No. 24 at 16). Plaintiff was employed by GEICO from October 2018 to September 2019 and experienced sciatica while she was employed. (ECF No. 24 at 9). Plaintiff worked for GEICO as a senior field claims investigator, primarily working from home and occasionally in the field, investigating suspected cases of insurance fraud. (*Id.*; ECF No. 23, at 8). GEICO fired plaintiff in 2019, and its stated reason for doing so is that plaintiff failed to meet GEICO's performance expectations, despite multiple extensions of her probationary period and additional coaching. (ECF No. 23 at 18).

**James C. Mahan**
**U.S. District Judge**

During her employment, plaintiff called in sick to work twice. Once in January of 2019, and again in March of 2019. (ECF No. 24, at 10). In both instances, she called in sick due to sciatica. (*Id.*). For the January incident, she took two days off from work. (*Id.* at 3). For the March incident, it is unclear whether plaintiff took the day off after relieving her pain with a lidocaine shot. (*See generally* ECF No. 23; ECF No. 24). There are no other work absences attributable to plaintiff's sciatica.

Plaintiff reported tensions with her direct supervisor, Jolene Gaetz. After one of plaintiff's vacation requests was denied by Gaetz, plaintiff filed an anonymous ethics complaint against Gaetz, alleging that Gaetz had verbally harassed her on the phone. (ECF No. 24, at 6–7). Plaintiff also complained of Gaetz's management style and demeanor to GEICO's human resources department. (*Id.*). Around this time, GEICO decided to extend plaintiff's probationary period—rather than immediately terminate her—for poor performance. (*Id.*). Several months later, plaintiff was fired after additional meetings with human resources and Gaetz's manager. (*Id.*).

## II.    Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Information may be considered at the summary judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When, as is the case here, the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence

**James C. Mahan**
**U.S. District Judge**

to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

**III.  Discussion**

The ADA prevents covered employers from discriminating against qualified employees on the basis of a disability. 42 U.S.C. § 12112(a). Plaintiff's complaint alleges two claims under both the ADA and N.R.S. § 613.330 *et seq*. Claim one asserts disability discrimination and claim two asserts failure to accommodate. (ECF No. 1). Because the same legal standards govern both the ADA and Nevada law, the court's analysis applies to both.[1]

---

[1] Federal courts should apply federal procedural law to employment discrimination cases arising under state law on summary judgment motions. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1094 (9th Cir. 2001). Additionally, Nevada's anti-discrimination statutes are analyzed under the same substantive framework as federal discrimination claims. *See Pope v. Motel 6*, 121 Nev. 307, 311, 114 P.3d 277, 280 (2005).

James C. Mahan
U.S. District Judge

- 3 -

### A. Failure to Accommodate

An employer that fails to provide a reasonable accommodation to its employee is liable under the ADA if the employer is a "'qualified individual,' the employer receives adequate notice, and a reasonable accommodation is available that would not place an undue hardship on the operation of the employer's business." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (citing 42 U.S.C. § 12112). GEICO argues that it did not discriminate against plaintiff because it did not have notice of her alleged disability. Because plaintiff has not produced evidence to create a genuine dispute of fact, the court agrees with GEICO.

The Ninth Circuit has held that an employer's duty to engage in an "interactive process" to provide reasonable accommodations is predicated on the employee notifying it of her disability. *See Snapp*, 889 F.3d at 1095.[2] This notice need only be in "plain English" and "need not mention the ADA or use the phrase 'reasonable accommodation.'" *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (vacated on other grounds). But the employee must provide "the employer with enough information that, under the circumstances, the employer can fairly be said to know of both the disability *and* desire for accommodation." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir.1999) (emphasis added).[3] If an employee's request for accommodations is "too indefinite or ambiguous," "the employer cannot be held liable for failing to provide one." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996).[4]

In *Taylor*, the Fifth Circuit affirmed summary judgment against the employee on a failure to accommodate claim because he never communicated his disability, "any limitations resulting therefrom, or the need for any specific accommodations." *Id.* at 165. The employee only ever asked for "a reduction in his objectives, and a lessening of pressure," which the court found far

---

[2] "The Ninth Circuit has held that notifying an employer of a need for an accommodation *triggers* a duty to engage in an interactive process through which the employer and employee can come to understand the employee's abilities and limitations, the employer's needs for various positions, and a possible middle ground for accommodating the employee…*[I]f* an employer receives notice and fails to engage in the interactive process in good faith, the employer will face liability if a reasonable accommodation would have been possible." (emphasis added) (citations omitted).

[3] This case was cited with approval by the Ninth Circuit in *Barnett*. 228 F.3d 1105 at 1112.

[4] This case was also cited with approval by the Ninth Circuit in *Barnett*. *Id.*

James C. Mahan
U.S. District Judge

- 4 -

"too indefinite and ambiguous to constitute a formal request for accommodation under the ADA." *Id.* (quotations omitted).

The Fifth Circuit further explained that "[w]hen the nature of the disability, resulting limitations, and necessary accommodations are uniquely within the knowledge of the employee…a disabled employee cannot remain silent and expect his employer to bear the initial burden of identifying the need for, and suggesting, an appropriate accommodation." *Id.* The court also finds persuasive the reasoning in *King v. Permanente Medical Group, Inc.* No. 2:13-1560, 2013 WL 5305907 (E.D.Cal. Sept. 19, 2013). In *King*, the court found that merely requesting sick leave and submitting a doctor's note is not adequate notice of a disability. *Id.* at *8. These facts alone were "insufficient to impute knowledge" of a disability to the employer because an employee who suffers from health issues is not necessarily also disabled. *Id.*

Assuming, without deciding, that plaintiff is disabled within the meaning of the ADA, she does not demonstrate a reasonable dispute of fact as to whether she gave GEICO notice of her disability *and* her need for accommodation.[5] Based on plaintiff's own testimony, she only requested time off for sciatica symptoms twice. (ECF No. 24-6; 24-11). In neither of these requests does plaintiff ask for accommodations or put Gaetz on notice that she is disabled. In fact, when asked by Gaetz if her sciatica would be an "ongoing problem," plaintiff replied, "No." (ECF No. 24-11 at 2). There is no evidence that plaintiff made any other requests related to her sciatica. Gaetz, and GEICO, could have only concluded that plaintiff had experienced some isolated health problems, not that she was disabled.

Plaintiff even admits that she actively avoided discussing her disability with Gaetz but asserts this was for fear of retaliation. (ECF No. 24-3 at 3). But plaintiff's own evidence overwhelmingly contradicts this unsupported assertion. Plaintiff's communications with the human resources department, GEICO's regional vice president, and Gaetz's manager reveal that plaintiff actually believed that she was being targeted by Gaetz for reasons unrelated to her health

---

[5] "A supervisor's knowledge of an employee's disability is imputed to the employer because a supervisor is the employer's agent for purposes of vicarious liability for unlawful discrimination." *Id.* (citations omitted). As explained further, although Gaetz's knowledge of plaintiff's disability would be imputed to GEICO, neither Gaetz nor others at GEICO were on adequate notice of plaintiff's disability and need for accommodation.

**James C. Mahan**
**U.S. District Judge**

- 5 -

problems. (ECF No. 24-12, 23-10, 24-24, 24-16). According to plaintiff's own letters, Gaetz was unfairly targeting her because Gaetz believed that plaintiff was gossiping and having "negative interactions" with her coworkers. (ECF No. 24-16 at 3; 24-13).

And, despite having access to—and utilizing—an anonymous ethics complaint line (which would have allowed her to notify GEICO of her disability without Gaetz's knowledge), plaintiff does not mention her disability.[6] (ECF No. 24-12, 24-17). Plaintiff could have also alerted GEICO to her disability via her numerous communications with GEICO's upper management, but she did not. (ECF No. 23-13, 24-16, 24-19). And, during multiple verbal conversations with human resources, the focus of plaintiff's complaint is the generalized assertion that Gaetz had a "mean and confrontational" management style, not that Gaetz was retaliating against her for requesting sick leave or that plaintiff was disabled and in need of accommodations. (ECF No. 24-18).

Plaintiff worked from home, and her disability was "uniquely within" her own knowledge. The only way GEICO could have known of plaintiff's disability *and* need for accommodation is if she gave notice of it. It is undisputed from plaintiff's own evidence that, in the face of numerous opportunities to do so, plaintiff never provided GEICO with reasonable notice of her disability or her need for accommodations. Summary judgment is therefore warranted on plaintiff's second claim.

B. Disability Discrimination

Plaintiff's other claim is for disability discrimination or wrongful termination under the ADA. GEICO argues that summary judgment is appropriate because plaintiff was fired for not meeting performance expectations, not because she was disabled, and because GEICO did not have knowledge of her disability or need for accommodation. (ECF No. 23 at 21). Plaintiff counters that her poor performance was due to Gaetz's "ever-shifting" standards and because she was not evaluated according to the same standards as other employees. (ECF No. 24 at 12). Plaintiff provides no evidence to support these assertions other than her own conclusory testimony.

---

[6] When asked during her deposition if she ever made an ethics complaint against Gaetz that was related to her disability, plaintiff replies, "I don't think so." (Pl.'s Dep., ECF No. 24-4, at 5). When asked why she did not mention her disability in her letters to GEICO's upper management, plaintiff did not provide a response. (*Id.*).

1  Under the *McDonnell Douglas* burden-shifting framework, which applies here, plaintiff must first put forth evidence of a prima facie case for disability discrimination before the burden shifts back to GEICO to articulate a nondiscriminatory reason for its actions. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). If GEICO meets its burden, plaintiff may still prevail if she demonstrates that GEICO's proffered reason is a mere pretext. *Id.* "The requisite degree of proof necessary to establish a prima facie case" at the summary judgment stage is "very little," and "plaintiff need only offer evidence which gives rise to an inference of unlawful discrimination." *Id.* (cleaned up).

To establish a prima facie case of wrongful termination, plaintiff must establish that she: "(1) is disabled, (2) is qualified, and (3) suffered an adverse employment action because of her disability." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). To establish a causal connection between her disability and the adverse employment action, plaintiff must demonstrate that her employer knew of her disability. *Alejandro v. ST Micro Elecs., Inc*, 129 F. Supp. 3d 898, 909 (N.D. Cal. 2015).

Because plaintiff does not establish a genuine issue of fact as to whether GEICO knew she was disabled, she cannot establish that GEICO discriminated against her on account of her disability. Summary judgment in favor of GEICO is appropriate for this reason alone. However, even if GEICO knew that plaintiff was disabled, plaintiff does not provide sufficient evidence that GEICO's stated reason for terminating her is a mere pretext, or that Gaetz treated her differently than other employees due to her disability.

GEICO provides evidence that plaintiff was terminated for reasons unrelated to her disability. Plaintiff brought her children to work meetings and drove them in the company car; plaintiff was running personal errands during work hours; and plaintiff's work product was below training guidelines and established company standards. (ECF No. 23-4, 23-31, 23-5, 23-10, 23-14, 23-15, 23-17). Plaintiff's only evidence is her own unsupported testimony that Gaetz used a different grading metric between her and other employees. There is no genuine dispute of fact here.

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that GEICO's motion for summary judgment (ECF No. 23) is GRANTED.

The clerk is instructed to enter judgment in favor of GEICO and close the case.

DATED September 18, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -